UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV1740 TIA |
| | ) | |
| PREMIUM LOUNGE, INC., d/b/a | ) | |
| PREMIUM LOUNGE, and | ) | |
| DENNIS W. GORG, JR., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss and Second Motion to Dismiss (ECF Nos. 8, 13). The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

## Background

Plaintiff J & J Sports Productions, Inc. ("J & J") filed this action in federal court alleging violations of The Communications Act of 1934, 47 U.S.C. §§ 605, et seq. (Count I) and The Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. §§ 553, et seq. (Count II), as well as a claim for conversion (Count III), stemming from the Defendants' telecast of *"Star Power": Floyd Mayweather, Jr. v. Victor Ortiz Championship Fight Program* on September 17, 2011 ("Program"). According to the First Amended Complaint, Plaintiff J & J was granted the exclusive nationwide commercial distribution rights to the boxing telecast. (First Am. Compl. ¶ 9, ECF No. 12) Pursuant to this contract, Plaintiff entered into sub-licensing agreements with various commercial entities located throughout North America, including establishments within Missouri. (Id. at ¶ 10) These agreements granted the rights to

publicly exhibit the Program to patrons of the establishments. (Id.) Plaintiff alleges that, with knowledge that the Program was not to be exhibited by entities unauthorized to do so, Defendants exhibited the Program at their establishment located in St. Louis, Missouri. (Id.)

On September 4, 2013, Plaintiff filed a Complaint in federal court against Defendants. (Compl., ECF No. 1) Thereafter, Defendants filed a Motion to Dismiss, asserting that Counts I and II should be dismissed against Defendant Gorg because Plaintiff failed to state a claim that Gorg was individually liable. Further, Defendants contended that Counts I and II should be dismissed as to all Defendants because the counts fail to state a claim upon which relief may be granted. With regard to Count III, Defendants argued that the Court should decline to exercise supplemental jurisdiction over that state law conversion claim, or, in the alternative, should dismiss the count against all Defendants for failure to state a claim and against Defendant Gorg for failure to allege any facts indicating that Gorg is individually liable. (Mot. to Dismiss, ECF No. 8) Plaintiff then responded with a First Amended Complaint on December 2, 2013. (First Am. Compl., ECF No. 12)

Defendants filed a Second Motion to Dismiss on December 16, 2013, reiterating the arguments contained in the first Motion to Dismiss and arguing that the Court should also dismiss all three counts pursuant to the doctrine of law of the case because Plaintiff failed to file a memorandum in opposition to the Motion to Dismiss and because Plaintiff's First Amended Complaint failed to address all points raised in the Motion to Dismiss. (Second Mot. to Dismiss, ECF No. 13) In response, Plaintiff contends that Defendants' law of the case argument is misplaced; the First Amended Complaint sufficiently states a claim against Gorg individually and against all Defendants under 47 U.S.C. §§ 605 and 553; and Plaintiff has properly stated a

2

claim for conversion.  (Pl.'s Mem. in Opp'n, ECF No. 15)

## Standard for Ruling on a Motion to Dismiss

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007) (abrogating the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.  In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id.  This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. See Id. at 555; see also Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff).  Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Twombly, 550 U.S. at 556.  However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).  Further, courts "'are

3

not bound to accept as true a legal conclusion couched as a factual allegation.'" Ashcroft v. Iqbal, __ U.S. __ , 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. Id.

### Discussion

Defendants first argue that the Court should dismiss the Plaintiff's First Amended Complaint because Plaintiff failed to timely file a Memorandum in Opposition to the first Motion to Dismiss and instead filed a First Amended Complaint that did not correct the deficiencies raised in the initial Motion to Dismiss. Defendants misconstrue E.D. Mo. L.R. 4.01, which pertains to the filing of motions and memoranda. Local Rule 4.01(B) states, "[e]xcept as otherwise provided in these rules or by order of the Court, each party opposing a motion shall file, within seven (7) days after being served with the motion, a memorandum containing any relevant argument and citations to authorities on which the party relies." Defendants assert that the Court must dismiss this action because Plaintiff did not file a memorandum in opposition. The rule does not mandate dismissal on the grounds that the opposing party failed to file a memorandum in opposition. Indeed, the only case from this district upon which Defendants rely merely states in a footnote that under the local rules, "failure to respond to a motion **may** be construed as a concession of the motion." Crew v. Imagine Schools, Inc., No. 4:08CV1185 HEA, 2008 WL 5105073, at *1, n.1 (E.D. Mo. Dec. 1, 2008) (emphasis added). Further, in that case, the plaintiff did not respond in any manner to the motions to dismiss. Id. at *1. Here, Plaintiff filed an amended complaint as of right within the time allowed by Federal Rule of Civil

4

Procedure 15(a)(1)(B) and timely responded to the Second Motion to Dismiss. Defendants cite no other authority in support of their argument, and as such, the Court in its discretion will not grant the motion to dismiss on the basis that Plaintiff failed to file a memorandum in opposition under this Court's local rules.

Next, Defendants argue that the First Amended Complaint fails to sufficiently state a cause of action against Defendant Gorg individually. Specifically, Defendants state that the and/or language in the Complaint regarding Defendant Gorg's role at Premium Lounge renders the complaint "hopelessly and irretrievably vague and ambiguous with respect to Mr. Gorg's alleged involvement." Defendants further claim that Plaintiff is unable to show that there is no distinction between Mr. Gorg's actions and that of his corporation. See Comcast of Illinois X v. Multi-Vision Electronics, Inc., 491 F.3d 938, 947 (8th Cir. 2007) (finding that individual defendant's deposition testimony demonstrated no distinction between his actions and his corporations actions, warranting personal liability); Joe Hand Promotions, Inc. v. Sharp, 885 F. Supp. 2d 953, 956 (D. Minn. 2012) (finding that plaintiff failed to create a genuine issue that no distinction existed between the individual defendant's actions and that of his corporation).

This case is at the motion to dismiss, not the summary judgment, stage. Plaintiff need not prove his case but merely plead sufficient facts to raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. Here, the complaint indicates Defendant Gorg's direct involvement with Defendant establishment. Defendant correctly notes that Plaintiff must ultimately demonstrate that there exists no distinction between the individual's actions and that of his corporation to be individually liable. However, the Court finds that the short and plain statement is sufficient to give Mr. Gorg proper notice and that, once the parties conduct

5

discovery, the record may or may not show personal liability on the part of Defendant Gorg. Therefore, the Court will not grant Defendants' motion to dismiss against Defendant Gorg individually.

Defendants next argue that Plaintiff has failed to plead Counts I and II in the alternative to allow Defendants to discern the alleged method of interception or publication. Defendants also contend that, to be an unauthorized publication under § 605(a) or unauthorized interception under § 553(a)(1), the Program must have been displayed publicly. Defendants reason that because the bar is closed to the public sometimes, Plaintiff cannot allege plausible facts showing it was open to the public when the Program was broadcast.

With regard to Defendants' assertion that Plaintiff has not stated Counts I and II as alternative theories of recovery, the Court finds that the complaint indicates a sufficient intention to plead in the alternative. As stated by the court in Joe Hand Promotions, Inc. v. Lynch, 822 F. Supp. 2d 803, 805 (N.D. Ill. 2011), "[t]he mutual exclusiveness of § 605 and § 553 is well-established law. In light of that legal principal, any complaint asserting that a single action violates both statutes can only be interpreted as stating alternative claims." While Plaintiff may not recover under both statutes, allowing discovery of whether the Defendants intercepted the program via radio signals or wire "will provide the necessary enlightenment to indicate under which statute the plaintiff should recover." Id. at 806.

Defendants also argues that "there are no *facts* alleged in the First Amended Complaint indicating that Premium Lounge was *plausibly* 'open to the public' at the time the Program was

6

broadcast." (Defs.' Reply Mem. 5, ECF No. 16) (emphasis in original)[1] Defendants appear to ask the Court to apply a stricter standard when ruling on a motion to dismiss. The Court declines to do so. Under Twombly, a complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6) if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007). Under this standard, the Court liberally construes the complaint in the light most favorable to the plaintiff and accepts the factual allegations as true. Id. at 555. Here, Plaintiff's complaint contains ample detail to show the plausibility of the allegations. The complaint identifies the Program allegedly misappropriated; the place of the alleged violation; the date of the alleged violation; the existence of a contract giving Plaintiff exclusive nationwide television distribution rights to the Program; the absence of authorization which would allow Defendants to lawfully broadcast the Program; and Defendant's alleged willfulness in misappropriating the Program. (First Am. Compl. ¶¶ 6-12); see also Lynch, 822 F. Supp. 2d at 806 (finding such allegations sufficient to withstand a motion to dismiss). In Lynch, the district court also found that one could reasonably infer from the statutes cited in the complaint that the broadcast program was misappropriated by satellite or cable. Id. Thus, the court denied the motion to dismiss, reasoning that "[n]othing more is or should be required to state a claim under § 553 and § 605. Id. The Court finds that the allegations in the complaint are sufficient to put Defendants on notice of the allegations against them, and the

---

[1] The undersigned finds that Defendants' dramatic overuse of italicized words detracts from the effect of the legal arguments. Going forward, the Court expects Defendants to state their legal position without unnecessary editorializing.

7

motion to dismiss with regard to Counts I and II will be denied.[2]

Finally, Defendants maintain that the Court should dismiss Plaintiff's state law tort claim for conversion because Plaintiff has not alleged, nor can it allege, that the Defendants' displaying the boxing match deprived Plaintiff of the ability to televise the Program to other persons or entities. In addition, Defendants contends that no Missouri cases extend the tort of conversion to intangible property such as the transmission of a television program. Under Missouri law, "conversion occurs where there is an 'unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the owner's rights." Monarch Fire Prot. Dist. v. Freedom Consulting & Auditing Servs., Inc., 678 F. Supp. 2d 921, 944 (E.D. Mo. 2009) (quoting Emerick v. Mut. Ben. Life Ins. Co., 756 S.W.2d 513, 523 (Mo. 1988)). While the Court agrees that Missouri courts have not addressed the viability of a conversion claim for the pirating a broadcast signal, courts in this district have refused to dismiss a conversion claim where "Missouri law does not clearly prohibit conversion claims for intangible property." See, e.g., Joe Hand Promotions, Inc. v. Crossroads Rest. & Lounge, Inc., No. 4:12CV2403 JCH, 2013 WL 1787573, at *2 (E.D. Mo. April 25, 2013); Joe Hand Promotions, Inc. v. Hubbard, No. 4:12CV1729 TIA, 2013 WL 2319354, at *3 (E.D. Mo. May 28, 2013). Thus, the Court will deny Defendants' motion to dismiss Count III of the First Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Second Motion to Dismiss (ECF No. 13)

---

[2] Plaintiff correctly notes that public display is not a criteria of a violation of either § 605 or § 553. See 47 U.S.C. § 605(a) (prohibiting unauthorized persons from receiving, transmitting, intercepting, divulging, or publishing interstate communication by radio or wire to any person); 47 U.S.C. § 553(a)(1) (prohibiting unauthorized persons from intercepting or receiving any communications offered over a cable service).

is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 8) is **DENIED** as **MOOT.**

          /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this   16th   day of June, 2014.